## UNITED STATES *v.* EVANS.

*(District Court, D. California.* April 3, 1884.)

PROCURING THE COMMISSION OF PERJURY — ELEMENTS OF THE CRIME — KNOWLEDGE.

To constitute the crime of procuring perjury to be committed, it is not enough that both the accused and the false witness knew the falsity of the statements sworn to, but the accused must also have known that the witness knew the statements to be false.

Indictment for Subornation of Perjury. On demurrer.

*S. G. Hilborn,* U. S. Atty., and *Carroll Cook,* Asst. U. S. Atty., for the United States.

*A. P. Van Duzer* and *J. J. De Haven,* for defendant.

HOFFMAN, J. The indictment, after the usual formal allegations, which seem to be quite sufficient, charges in substance that the defendant procured one Burnett to commit the crime of perjury by swearing to certain allegations contained in an affidavit made and subscribed by him on an application for an entry of certain timber lands. It avers that Burnett knew that these allegations were false, and it negatives them by averring what the facts were. It also avers that the defendant, when he procured Burnett to swear to these allegations, also knew that they were false. It does not aver that he knew that Burnett was aware of their falsehood. To sustain an indictment for procuring a person to commit perjury it is obviously necessary that perjury has in fact been committed. It cannot be committed unless the person taking the oath not only swears to what was false, but does so willfully and knowingly. He who procures another to commit perjury must not only know that the statements to be sworn to are false, but also that the person who is to swear to them knows them to be false; for unless the witness has that knowledge the intent to swear falsely is wanting, and he commits no perjury. It is therefore essential that the indictment should aver, not only that the statements made by the witness were false in fact, and that he knew them to be false, but also that the party procuring him to make those statements knew that they would be intentionally and willfully false on the part of the witness, and thus the crime of perjury would be committed by him.

The allegations of the indictment in this case are consistent with a belief on the part of the defendant that the party alleged to have been suborned supposed the statements he was expected to make to be true. In that case he would not be guilty of perjury, nor could the defendant be adjudged guilty of procuring him to commit perjury.

Demurrer sustained.

See *U. S.* v. *Dennee,* 3 Woods, 39; *Com.* v. *Douglass,* 5 Metc. 244; 2 Archb. Crim. Pr. & Pl. Pom. Notes, 1750; 2 Whart. Crim. Law, (8th Ed.) 1329.