STATE v. JOHN GREEN.

*Variance—Perjury—Criminal Pleadings.*

1. In an indictment for perjury, the defendant was charged with swearing falsely in a certain criminal proceeding against several persons named therein, including *John Green.* The State, on the trial, offered in evidence a State's warrant in the criminal proceeding mentioned, in which the name *John Green,* did not appear, but the name *G. Green,* did ; *Held,* that there was a fatal variance between the charge in the indictment and the proof, and the warrant should not have been admitted in evidence.

2. There was no necessity to describe the criminal proceeding with such particularity in the indictment ; it would have been sufficient to refer to it in such way and terms as to designate it with certainty. But being described by a material distinguishing particular, appearing in it, the proof should have corresponded with the charge in all material respects.

3. The strict rules of pleading in criminal actions are wisely devised and must be adhered to.

INDICTMENT for perjury, tried before *Meares, J.*, and a jury, at January Term, 1888, of the Criminal Court of NEW HANOVER.

It is charged in the indictment that the false oath was taken in a criminal proceeding specified, pending before the Mayor of the city of Wilmington, on the 21st day of December, 1887, against several persons named therein, including the defendant, simply designated as *John Green.*

On the trial the State put in evidence the State's warrant in the criminal proceeding mentioned, in which the name *John* Green does not appear, but the name " *G.* Green " does appear, in the proper connection with the other names specified. The defendant objected to the admission of the warrant in evidence, upon the ground, that it did not support or tend to prove a material part of the charge against him. The Court overruled the objection, admitted the evidence, and the defendant excepted. There was a verdict of guilty, and judgment against the defendant, from which he appealed to this Court.

*Attorney General*, for the State.
*Mr. J. D. Bellamy*, for the defendant.

MERRIMON, J., (after stating the case). In our judgment, the variance between a material part of the charge in the indictment, and the warrant pertinent to it, and received in evidence on the trial, was fatal to the action. The indictment charged, with much particularity, that on a day specified, the defendant, designated as " John Green," and several other persons, each indicated by his christian and surname, " were in due form of law arraigned and tried upon a certain warrant, then and there pending against them, charging them with playing," etc. The part of the charge thus particularly made was important and material; it designated the certain warrant and proceeding, in which the false

oath was taken, and distinguished it specifically from others of similar kind and character. The defendant was thus carefully notified of the charge, he was called before the Court to answer, and the presumption was that he appeared before it, prepared to meet and defend himself against that specific charge, if he could, and not another or other like charges. It would be unjust to so charge him with a particular crime as to mislead him in his defense, or as to render it difficult for him to make his defense in case of a subsequent prosecution for the same offence. The law is careful to guard against this, and hence the strict rule of pleading in criminal actions, that in some cases seem to be unnecessarily strict and to serve no useful purpose. They are wisely devised, and intended to prevent possible wrong and injustice, in matters very important to every one who may be charged with serious offences.

The charge, as to the warrant or proceeding, need not ordinarily to have been made with so much particularity—it would have been sufficient, as it seems to us, to refer to it in such way and terms as to designate it with certainty, but as it was described by a material distinguishing particular, appearing in it, the proof should have corresponded with the charge, certainly in substance, in every and all material respects.

The warrant—the proof produced in this case on the trial—did not correspond with the charge in the indictment. The latter charge, that the warrant in the proceeding, in which the false oath was taken, charged *John Green,* the present defendant, and others, whose names are specified, with a criminal offence. The warrant put in evidence did not so charge *John* Green, but " *G* " Green and the others named. " G " does not, in any sense attributable to it, imply or represent " John " by abbreviation or otherwise—it implies by its nature and ordinary application, in connection with surnames, some other person than *John.* " J," placed immediately

before the name Green, might stand for, and be understood to represent John Green, but " *G* " would not, ordinarily. If it was intended to represent *John* Green in the warrant, and did so, in fact, then it should have been charged in the indictment that John Green was charged in the warrant by the designation " G. Green," and on the trial the fact might have been proven by any appropriate evidence.

The warrant in evidence did not, as it appears in any view of it, import that John Green, the defendant, was party to it; it was therefore not the warrant charged and referred to in the indictment.

It might be that there was such a one, and if there was not, then the offence, as charged, could not be proven, and the defendant would be entitled to an acquittal. *State* v. *Ammons*, 3 Murph., 123; *State* v. *Harvell*, 4 Jones, 55; *State* v. *Lewis*, 93 N. C., 581; Arch. Cr. Pr., 96; Roscoe's Cr. Ev., 820.

There is error.

*Venire de novo.*