### BASKIN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1913.)

#### No. 1,939.

1. INDICTMENT AND INFORMATION (§ 59*)—REQUISITES AND SUFFICIENCY OF ACCUSATION—AVERMENT OF FACT.

The cardinal tests of the sufficency of the averments of fact in an indictment are twofold: (a) They must embrace every element of the offense charged and plainly apprise the accused of the proof he must be prepared to meet, and (b) must so state the charge that judgment thereunder can be pleaded in bar of further prosecution for the same offense. If these requisites are sufficiently stated, the indictment will be upheld, especially after verdict, although cumbered with inaccuracies otherwise, or improper statements not applicable to the issues.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 180, 181; Dec. Dig. § 59.*]

2. PERJURY (§ 26*)—SUFFICIENCY OF INDICTMENT—AVERMENT OF FALSENESS OF OATH.

An indictment for perjury *held* to charge with sufficient definiteness that the testimony of the accused, on which the indictment was predicated, was untrue.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 90–94; Dec. Dig. § 26.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** PERJURY (§ 25\*)—INDICTMENT—NECESSITY OF AVERRING FACTS TO SHOW MATERIALITY OF TESTIMONY.

It is unnecessary in an indictment for perjury to set forth the various circumstances which render the testimony material; general averments of materiality being sufficient.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 82–89; Dec. Dig. § 25.\*]

**4.** PERJURY (§ 29\*)—INDICTMENT—VARIANCE BETWEEN ALLEGATIONS AND PROOF.

There was no material variance between an indictment for perjury and the proof, where the indictment charged that defendant falsely testified that he did not see any goods delivered from the rear of a bankrupt store on certain dates named, and the evidence on the trial showed that he was asked if he had ever seen any goods so delivered, to which he answered, "No," and that the particular dates stated in the indictment had been previously mentioned in his examination.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 97–106; Dec. Dig. § 29.\*]

**5.** PERJURY (§ 32\*) — EVIDENCE — DESCRIPTION OF PROCEEDINGS IN WHICH OATH WAS ADMINISTERED.

Where an indictment charged defendant with perjury committed on his examination as a witness before a referee in involuntary bankruptcy proceedings against a person named, by petition of certain other persons named, the identity and character of the proceedings were sufficiently proved by the introduction of the bankruptcy docket of the District Court showing the pendency of proceedings against the alleged bankrupt by one of the petitioners named in the indictment and others, although the names of the other petitioners were not stated in the entries.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 108–116; Dec. Dig. § 32.\*]

**6.** EVIDENCE (§ 332\*)—MAKING FALSE OATH IN BANKRUPTCY PROCEEDING.

A further entry in such docket, "Cause spl. refd. to referee Eastman for ex. etc." was admissible to sustain an averment in the indictment that the cause had been duly referred to Eastman, who was a referee in bankruptcy, to examine the alleged bankrupt and other witnesses, before whom defendant was charged with giving the false testimony, and was sufficient, together with a transcript of the testimony before the referee on such examination, to bring the case within Bankr. Act July 1, 1898, c. 541, § 29b(2), 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), making it a criminal offense to make a false oath in a proceeding in bankruptcy.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1237–1246; Dec. Dig. § 332.\*]

**7.** PERJURY (§ 33\*)—EVIDENCE—AUTHORITY OF COURT.

Under Rev. St. §§ 5392, 5396 (U. S. Comp. St. 1901, pp. 3653, 3655), which define perjury as including the giving of materially false testimony in any case in which a law of the United States authorizes an oath to be administered and provide that it shall be sufficient in the indictment to set forth by what court and by whom the oath was taken, averring such court or person to have competent authority to administer the same, without setting forth the commission or authority of the court or person, where an indictment charges the commission of perjury before a referee in bankruptcy it is not necessary to aver or prove that the particular proceeding in which the testimony was given was specially

---

referred to such referee, but is sufficient to aver that the testimony was taken within the general scope of his authority.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 117–124; Dec. Dig. § 33.*

For other definitions, see Words and Phrases, vol. 6, pp. 5305–5310; vol. 8, p. 7751.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis, Judge.

Criminal prosecution by the United States against Samuel Baskin. Judgment of conviction, and defendant brings error. Affirmed.

The plaintiff in error was convicted under an indictment for perjury in violation of section 29b of the Bankruptcy Act, and this writ of error is brought for reversal of the sentence and judgment thereupon. The indictment reads as follows:

"The grand jurors for the United States of America, impaneled and sworn in the District Court of the United States of America, for the Eastern Division of the Northern District of Illinois, and inquiring for that division and district, upon their oath present that on, to wit, the seventeenth day of October, in the year nineteen hundred and eleven, at Chicago aforesaid, an involuntary petition in bankruptcy was filed in the District Court of the United States, for the Northern District of Illinois, in the Eastern Division thereof, by the Harper & Kirschten Shoe Company, a corporation organized and existing under and by virtue of the laws of the state of Illinois, and one F. Benjamin (whose Christian name is to the said grand jurors unknown), and Bernstein & Goldstein, a copartnership, composed of Morris D. Bernstein and Maurice D. Goldstein; which said petition prayed that one Morris H. Offner be adjudged by the said court to be a bankrupt, which said court then and there had due and competent authority and jurisdiction in the matter of the said petition and of proceedings in bankruptcy thereon; that on, to wit, the eighteenth day of October in the year nineteen hundred and eleven, at Chicago aforesaid, the Honorable George A. Carpenter, a duly appointed and qualified judge of said court, and then and there acting as such, in the said bankruptcy proceedings upon the said petition, duly ordered, as said judge then and there had due and competent authority and jurisdiction to do, that the said bankruptcy cause be specially referred to Referee Sidney C. Eastman, for the purpose of examining the said bankrupt and other witnesses, and that the said referee cause the said bankrupt and any and all other persons who might be required as witnesses to appear before him, the said referee, and be examined generally with respect to the assets of the said bankruptcy estate; and that the said Sidney C. Eastman was then and there a duly appointed and qualified referee in bankruptcy of and for said court, and then and there had due and competent authority and jurisdiction to have and hold the said examination aforesaid.

"And the grand jurors aforesaid, upon their oath aforesaid, do further present, that in accordance with and under authority of the said order of the said court as aforesaid, on, to wit, the twenty-seventh day of October, in the year nineteen hundred and eleven, at Chicago aforesaid, a certain hearing and examination in the matter of said bankruptcy proceedings came to be had and held before and by the said referee, which said referee then and there had due and competent authority to have and hold said hearing and examination as aforesaid; and that one Samuel Baskin, then and there duly appeared as a witness in and upon the said hearing and examination, and was then and there duly sworn by and took his corporal oath before the said Sidney C. Eastman as referee in bankruptcy, that the testimony which he, the said Samuel Baskin, would give in the said hearing and examination would be the truth, the whole truth, and nothing but the truth, which said referee then and there had due and competent authority and jurisdiction to administer the said oath to the said Samuel Baskin in that behalf.

"And the grand jurors aforesaid, upon their oath aforesaid, do further present, that the said Samuel Baskin so having been sworn as aforesaid, and so having taken his oath as aforesaid, then and there, to wit, at Chicago aforesaid, on the twenty-seventh day of October, in the year nineteen hundred and eleven, in and upon the said hearing and examination, unlawfully, willfully, corruptly, feloniously, knowingly and falsely and contrary to his said oath. did swear falsely and make a false oath, that he, the said Samuel Baskin, did not see any goods delivered from the place of business of the said Morris H. Offner, at, to wit, number four thousand six hundred and eight South Ashland avenue, Chicago, Illinois, through the rear entrance thereof, on any of the following days, to wit, October fourteenth, October fifteenth and October sixteenth, all in the year nineteen hundred and eleven; whereas, in truth, and in fact, the grand jurors aforesaid, upon their oath aforesaid, do further present the facts to be, and present that the said Samuel Baskin when so taking his oath as aforesaid, and so swearing as aforesaid, and when so testifying as aforesaid, at and upon the said hearing and examination, then and there well knew, that he, the said Samuel Baskin, did see certain goods removed from the said place of business of the said Morris H. Offner, at, to wit, number four thousand six hundred and eight South Ashland Avenue, Chicago, Illinois, through the rear entrance thereof, on, to wit, the fourteenth day of October, in the year nineteen hundred and eleven, to wit, seven packing boxes, and on, to wit, the fifteenth day of October, in the year nineteen hundred and eleven, to wit, four packing boxes, and, on, to wit, the sixteenth day of October, in the year nineteen hundred and eleven, to wit, four packing boxes; said boxes containing, to wit. shoes, men's suits, men's overcoats and articles of men's wearing apparel (a further and more particular description of which said boxes, shoes, suits, overcoats and articles, is to the said grand jurors unknown).

"And the grand jurors aforesaid, upon their oath aforesaid, do further present, that on the said twenty-seventh day of October, in the year nineteen hundred and eleven, at Chicago aforesaid, upon the occasion of the said hearing and examination had and held at the time and place aforesaid, and as aforesaid, the said matters above set forth so testified to by the said Samuel Baskin were then and there material matters as to the truth of which it was necessary that the said referee be informed, and that the said Samuel Baskin did not then and there believe the said matters above set forth so testified to by him to be true; and that the said hearing and examination was then and there a case in which a law of the said United States authorized the said oath to be administered to the said Samuel Baskin in the behalf aforesaid; against the peace and dignity of the said United States, and contrary to the form of the statute of the same in such case made and provided."

B. M. Shaffner, of Chicago, Ill., for plaintiff in error.

James H. Wilkerson and Frederick Dickinson, both of Chicago, Ill., for the United States.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The conviction of the plaintiff in error arises under an indictment charging that he made false oath and testified falsely in bankruptcy proceedings as specified—in effect charging violation of section 29b of the Bankruptcy Act. For reversal of the judgment the contentions relied upon are: (1) That the indictment is "fatally defective." (2) That material variance appears between the averments of the indictment and the proof submitted, as to testimony of the accused before the referee. (3) That the proof is "fatally defective" as to the names of petitioning creditors in the bankruptcy proceeding. (4) That reference for examination before the referee in the bankruptcy proceeding was not proven. (5) That there was no actual examination before the referee.

1. The most serious proposition of defect in the indictment arises out of diffuseness in the averments to negative the truth of the testimony charged to be false. It is unquestionable that the common-law requirement for charges of perjury is applicable to the indictment in this respect: .The general averment that the testimony was false must be accompanied by special "averment to falsify the matter wherein the perjury is assigned" (Markham v. United States, 160 U. S. 319, 323, 16 Sup. Ct. 288, 40 L. Ed. 441), so that an indictment resting on the mere general charge of falsity is insufficient to support conviction; and the contention is that the attempted special averments of this indictment are without force to meet such requirement.

Afer extended averments in reference to the bankruptcy proceedings against one Offner and examination of the accused as a witness therein, before the referee, the indictment charges in various terms that the accused made false oath and testified falsely that he "did not see any goods delivered from the place of business" of the bankrupt as described, at times specified in the inquiry—with subsequent averments of materiality—and proceeds with special averments (a portion of which we have italicized for convenient reference), as follows:

"Whereas, in truth and in fact, the grand jurors aforesaid * * * do further present the facts to be, *and present that the said Samuel Baskin when so taking his said oath as aforesaid, and so swearing as aforesaid, and when so testifying as aforesaid, at and upon the said hearing and examination, then and there well knew,* that he, the said Samuel Baskin, did see certain goods removed from the said place of business" of the bankrupt (at the times and place specified in the inquiry).

And then states the number of packages so removed each day and their general contents. Cannot this averment, however awkward in expression, reasonably be interpreted to falsify the matter testified, together with the averment that it was known to be false?

[1] The cardinal tests of sufficiency of the averments of fact in an indictment are twofold: (a) They must embrace every element of the offense charged and plainly apprise the accused of the proof he must be prepared to meet, and (b) must so state the charge that judgment thereunder can be pleaded in bar of further prosecution for the same offense. These essentials cannot be disregarded, but the rule is settled in the federal jurisdiction that the entire purpose of criminal pleadings, "to convict the guilty as well as to shield the innocent" (Evans v. United States, 153 U. S. 584, 590, 14 Sup. Ct. 934, 38 L. Ed. 830), must be observed in considering their sufficiency; and that the test to be applied is not whether the material averments might have been made more accurate and certain, but whether they plainly embrace in their terms both requirements, of notice of the ultimate facts to be proved against the accused and specification thereof which will leave no second prosecution open for the alleged offense; and that, if these requisites are sufficiently stated, the indictment will be upheld, especially after verdict, although cumbered with inaccuracies otherwise, or improper statements not applicable to the issues. Cochran v. United States, 157 U. S. 286, 290, 15 Sup. Ct. 628, 39 L. Ed. 704; Rosen v. United States, 161 U. S. 29, 34, 16 Sup. Ct. 434, 480, 40 L. Ed. 606;

Markham v. United States, 160 U. S. 319, 323, 16 Sup. Ct. 288, 40 L. Ed. 441.

[2] In the light of this rule we believe the ultimate fact that the accused did see the goods removed notwithstanding his denial thereof in his testimony to be sufficiently stated in the above averments, and that the further statement of his knowledge of such fact when he testified in denial thereof—entirely set apart as embraced in the part of the above quotation in italics—is superfluous as an entirety for support of the charge, so that it may rightly be treated as having no force in the indictment nor in the present inquiry of sufficiency. The essential averment of fact to support the charge of perjury remains complete and accurate, whether it is carefully read with or without the other statement—and was presumptively framed and understood in that view—leaving no room for doubt, as we believe, that it authorized submission of the proof that he actually saw the removal of goods in question.

The contention therefore that conviction for perjury cannot rest on an averment that the accused well knew, when he testified in denial thereof, that he had seen the goods removed, does not arise for decision, nor call for comment upon the cases cited (Bartlett v. United States, 106 Fed. 884, 46 C. C. A. 19 ; Commonwealth v. Still, 83 Ky. 275; Commonwealth v. Weingartner [Ky.] 27 S. W. 815) in support of such contention.

[3] The remaining objection urged against the indictment is, in effect, that the general averment of materiality of the false testimony in the bankruptcy proceeding is insufficient, and the failure to aver that the bankrupt owned the goods in reference to which the accused testified he had not seen them removed from the store constitutes a defect. In the first place, ownership of the goods was neither involved in the question so answered by the witness, nor essential for materiality of his testimony before the referee. But the objection is without merit otherwise, as it is unnecessary in any indictment for perjury to set forth the various circumstances which render the testimony material; general averments of materiality being sufficient. Markham v. United States, 160 U. S. 319, 325, 16 Sup. Ct. 288, 40 L. Ed. 441, and authorities cited.

[4] 2. The contention of fatal variance between the alleged false testimony described in the indictment and the evidence thereof submitted at the trial, however well supported by the citations for the proposition of law pressed for reversal, is without substantial basis, as we believe, for its premise of fact. It rests on the absence of proof that the particular dates of removal of goods in question were embraced in his answer, "that he did not see any goods delivered," as averred. The proof was, however, that he answered, "No," to the question, "Did you ever see any delivered from the rear?" and that particular dates in reference to such transactions were theretofore mentioned in his examination. We are impressed with no doubt of substantial support therein for the averments of the indictment.

[5] 3. In the indictment the bankruptcy proceedings, in which the accused was called as a witness before the referee and gave the testimony in question, are well described, inclusive of the fact that they

arose upon an involuntary petition filed by creditors named, one mentioned as a corporation and another as a copartnership. Proof of such proceedings rests on production of the so-called "Bankruptcy Docket 35," entitled: "Case No. 19,268. In the matter of Petn. of F. Benjamin et al. to have Morris H. Offner of Chicago adjudged bankrupt." It shows the date of filing the petition, followed by entries of successive dates and proceedings, briefly described with abbreviations of words in various instances. The contention is that "the proof is fatally defective as to the names" of the petitioning creditors, resting on the assumptions that they stand in the relation of plaintiffs in the cause, and that all their names must be in evidence for identification with the proceeding described in the indictment—citing State v. Green, 100 N. C. 547, 6 S. E. 402, Walker v. State, 96 Ala. 53, 11 South. 401, and Jacobs v. State, 61 Ala. 448, as authorities for reversal upon like defective proof.

We believe, however, that the evidence so introduced was both admissible and sufficient for prima facie proof that the bankruptcy proceedings were pending in the District Court within its jurisdiction, as averred in the indictment. Both docket and entries therein were properly identified as records of that court and thus import verity. The provisions of the act for involuntary proceedings against the bankrupt leave no room for question of their identity with those described in the indictment, whether all or part only of the petitioning creditors are mentioned in the docket entry. Such proceedings are instituted by the petitioning creditors and other creditors may intervene therein, as of course, but the proceeding must be carried on as a single cause of involuntary bankruptcy, whereof the District Court has exclusive jurisdiction; and neither of the petitioners can withdraw or dismiss without notice to all creditors and hearing thereupon. These proceedings are therefore distinguishable for identification from the ordinary suits between litigants, involved in the above citations, so that their rulings are inapplicable here, even if it be assumed that their doctrine is consistent with the rule governing the federal courts in perjury cases, as exemplified in Markham v. United States, supra. It may be that introduction of the creditors' petition, through which jurisdiction was acquired, together with the docket entries, would furnish more satisfactory proof upon any issue involving either jurisdiction or identity of the proceeding; but no question was raised at the trial upon the sufficiency of the docket evidence, and we are satisfied that no reversible error is embraced in the assignment.

[6] 4. The alleged error for want of proof of the averment of special reference to Referee Eastman for the examination in the bankruptcy proceedings, alike with the last-mentioned assignment, is predicated on the assumption that the docket entries are without force to show such reference, because abbreviations are used in such entries. The entry reads, under serial date October 18th, following several other entries of like date: "Cause spl. refd. to Referee Eastman for ex. etc." The testimony of the accused "given before Sidney C. Eastman, referee in bankruptcy," was then introduced through the testimony of the "court stenographer," as shown by the bill of exceptions, with no

objections interposed nor exceptions preserved at the trial, in any form.

The docket in evidence was the court's record book of proceedings in open court, and whether the entries therein were made by the judge personally, or by the clerk as the hand of the court, they are not only competent but first-hand evidence of the orders or rulings pronounced in open court in the proceedings in question; and the order referred to is presumptively written up by the clerk for further record, in conformity with his understanding of the direction. We do not understand that any provision of federal law prescribes the method, language or terms in which such minutes are to be made, so that Stein v. Myers, 253 Ill. 199, 97 N. E. 295, and other Illinois cases cited for the contention of error, are inapplicable to the case; and their meaning, if not clear, can well be ascertained in the methods authorized by law. As the act of bankruptcy expressly provides for appointment of referees, as judicial officers, invested with specified judicial powers in bankruptcy proceedings—including the citation and examination of witnesses under oath—to be exercised whenever an order of reference is entered by the court, the meaning of the above entry is free from doubt to this extent, at least, that the cause was specially referred to Referee Eastman for some purpose. The record shows: That the creditors' petition for involuntary bankruptcy was filed the day before; that a receiver had been appointed and qualified upon petition therefor, in conformity with the well-known practice of the court in such cases; that the receiver was granted leave "to employ counsel, custodian and insure"; that no issue was thus presented upon the petition, so that the only inquiry open for reference or hearing was to ascertain the property and its whereabouts subject to the receivership; and that Referee Eastman forthwith proceeded to call witnesses and make the examination in question. In this view, we believe the meaning of the terms "ex. etc." clearly appears to authorize such examination, and may well support the verdict, under the assumption that proof was needful, both of the fact and purpose of an order of reference for affirmance.

[7] We are of opinion, however, that this assignment of error is untenable upon another ground, irrespective of the foregoing view, namely, that proof of an order of reference is not essential for support of the conviction, under the federal statutes and authorities applicable to the case, which have materially modified the common-law requirements in perjury prosecutions. The statutes referred to are sections 5392 and 5396 of the Revised Statutes (U. S. Comp. St. 1901, pp. 3653, 3655), construed in Markham v. United States, supra. In the one section perjury is defined to reach material false testimony given "in any case in which a law of the United States authorizes an oath to be administered," and the other prescribes it to be sufficient in the indictment to aver "such court or person to have competent authority to administer" the oath, "and without setting forth the commission or authority of the court or person before whom the perjury was committed." The Markham Case referred to clearly involved the above proposition as to the effect of these provisions upon a charge of perjury, under analogous facts of authority for administering the oath.

and taking the testimony, and plainly decides: That they render it sufficient for support of conviction to aver and prove that the officer was authorized by statute of the United States to administer the oath, and that the material testimony in question was taken within the general scope of his authority, and thus dispense with any requirement to aver or prove that such exercise was expressly authorized or rightly invoked in the instant examination. It arose upon conviction of the accused under a charge of false testimony, in an examination and deposition made under oath before a "special examiner of the Pension Bureau," alleged to be "a competent officer and having lawful authority to administer said oath," in a matter alleged to be "material to an inquiry then pending before and within the jurisdiction of the Commissioner of Pensions." The federal statutes under which the testimony was taken (Rev. St. 4744; Act July 25, 1882, c. 349, 22 Stat. 175 [U. S. Comp. St. 1901, p. 3276]; Act March 3, 1841, c. 548, 26 Stat. 1083 [U. S. Comp. St. 1901, p. 3278]) authorized the Commissioner of Pensions to appoint special examiners to conduct inquiries pending in the department, who were thereupon empowered by the statute to administer oaths and take depositions, in the course of their examinations when detailed by the department for such inquiries. For want of an averment that the special examiner in question was detailed or expressly authorized by the department to make the inquiries and take the testimony alleged to be false, it was contended that the accused was not sufficiently informed "of the official character and authority of the officer before whom the oath was taken"; but this proposition was expressly overruled upon the doctrine above stated, which we believe to be equally applicable to the authority of a referee in bankruptcy under the statute. Thus the present averment of an order of reference in the cause is made superfluous by the above provisions, and failure of competent proof thereof furnishes no ground for reversal.

5. The concluding proposition of error is that the evidence establishes the entire examination of the witness in the bankruptcy proceeding to have been conducted without the presence of or actual hearing by Referee Eastman. On reference to the record, however, it appears that this contention rests alone on affidavits presented after verdict, on motion for a new trial—which form no entertainable portion of the record, although erroneously incorporated in the bill of exceptions—so that it is both needless and improper to discuss the import of such affidavits. As the evidence preserved in the record proves the averment that the accused testified under oath administered by the referee and shows the testimony thereupon given, these assignments are overruled without further comment.

Finding no reversible error in the assignments, the judgment of the District Court is affirmed.