## VENLINIO v. UNITED STATES.

### MANICINI v. SAME.

(Circuit Court of Appeals, Seventh Circuit. September 8, 1921.)

Nos. 2912, 2913.

**1. Indictment and information ⬳⟿60—Test of sufficiency stated.**

An indictment must embrace every element of the offense charged, and plainly apprise the accused of the proof he must be prepared to meet, and must so state the charge that judgment thereunder can be pleaded in bar of further prosecutions for the same offense.

**2. Perjury ⬳⟿19(2)—Indictment held sufficient.**

Indictments alleging that at time and place stated it was material as to whether defendant M. was at a certain place, or whether in a certain other city, and that defendants willfully, corruptly, and falsely, and contrary to oath, did swear and depose before the court that said M. went from such place to said city, and that they, defendants, and the said M. slept together in the same room in said city on stated date, whereas in fact it was not and is not true, etc., *held* sufficient.

**3. Criminal law ⬳⟿400(2)—Transcript of testimony held best evidence.**

In prosecution for perjury, the transcript of the testimony in a former criminal proceeding, which the reporter had already testified he had heard, reduced to writing, and correctly transcribed, was the best evidence by which such facts could be proven.

**4. Criminal law ⬳⟿1169(1)—Perjury ⬳⟿32(8)—Evidence held competent, but its admission harmless, if immaterial.**

In a prosecution for perjury, in that witnesses had testified that on certain day they had taken a train in company with accused, going with him to a certain city, testimony by trainmen that shoes which defendant said he left in the train were not found had some bearing, and was competent to contradict and test the testimony, but of so little importance that wrongful admission was not ground for reversal.

**5. Criminal law ⬳⟿1169(9)—Rejecting nonexperts on handwriting held harmless.**

Refusal to permit testimony of nonexperts on handwriting on a hotel register was harmless, where expert witness was permitted to testify, and the register and other papers involved were admitted in evidence.

**6. Perjury ⬳⟿37(3)—Instructions held to indicate degree of proof required.**

Instructions did not fail to indicate degree of proof required to convict, where they recited that defendants were charged with perjury, which, "under the law, means that they willfully and maliciously swore falsely in the cause described in the indictments," and that the government is required by law to produce such evidence as will satisfy your mind beyond a reasonable doubt that the defendant is guilty as charged, and that they are under the law presumed innocent, which presumption continues until such time as the jury believes from the evidence beyond a reasonable doubt that they are guilty, and that the only question that you determine is the guilt or innocence of these defendants of the crime with which they are charged.

In Error to the District Court of the United States for the Eastern District of Illinois.

Baldy Venlinio and Charles Manicini were convicted on trial of separate indictments of perjury, and bring error. Affirmed.

Charles A. Karch, of East St. Louis, Ill., and Chester H. Krum, of St. Louis, Mo., for plaintiffs in error.

McCawley Baird, for the United States.

⬳⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Writs of error to reverse judgments against Baldy Venlinio (No. 2912) and Charles Manicini (No. 2913), tried together by agreement under separate, but identical, indictments charging perjury.

[1] 1. The first error relied upon is failure to sustain demurrers to the indictments. There does not appear to be any record of any rulings upon the demurrers, but inquiry into the sufficiency of the indictments shows that they meet the test of sufficiency laid down by this court in Baskin v. United States, 209 Fed. 740, 744, 126 C. C. A. 464, viz.: (a) They must embrace every element of the offense charged and plainly apprise the accused of the proof he must be prepared to meet; and (b) must so state the charge that judgment thereunder can be pleaded in bar of further prosecution for the same offense.

[2] The indictments, after stating all of the preliminaries with reference to the court, term, time, the persons who were tried and the offense, all of which was admitted by stipulation before the commencement of the trial, charge that at the time and place and upon the occasion alleged it was a material inquiry as to whether the defendant Skeeters Muskino was in Orient, in the county of Franklin, in the state of Illinois, on the night of May 22 and the morning of May 23, 1919, and whether the said Skeeters Muskino was in the city of St. Louis at that time. It is further charged that each of the defendants willfully, corruptly, and falsely and contrary to his oath did swear and depose before the said court and jury, amongst other things, in substance, that said Skeeters Muskino went from West Frankfort, Ill., on the morning of May 22, 1919, to the city of St. Louis, and that they, defendants, and the said Skeeters Muskino, slept together in the same room in the city of St. Louis on the night of May 22, 1919, and that said Skeeters Muskino was in St. Louis on the morning of May 23, 1919, whereas, in fact, it was not and is not true, and at the time of so swearing and deposing the defendants knew it was not true.

The indictments charge with sufficient certainty and clearness the offense of perjury and of what it consisted, and apprised the accused of the proof he must be prepared to make. There is no possibility that the judgments here complained of cannot be successfully pleaded in bar of any further prosecution for the same offense. The record indicates that the defendants were not, nor was either of them, surprised in any way.

[3] 2. The second error relied on is that the motion for an instructed verdict was not allowed. A stipulation is in the record, showing all the formal matters necessary to be proven in regard to the trial in which the perjury was alleged to have been committed. It shows the administration of the oath to the plaintiffs in error, and that they testified in the cause. The record also shows that the government sought to introduce the testimony of the defendants before the jury, as taken and transcribed by the reporter. The sole objection thereto was:

"Mr. Karch: I object to that, your honor; that is not the proper way to prove the perjured testimony, because that may contain a lot of matters which are not relevant to the issue."

To which the court replied:

"If counsel will point out the relevant matters, they will be considered, and those that are irrelevant will be overruled."

Subsequently, when the testimony was again offered, no objection whatever was made, defendants' counsel merely observing, "I haven't had time to examine them" (Exhibit 1, Manicini's testimony in the Muskino case, and Exhibit 2, Venlinio's testimony in the same case). Thereupon there was read to the jury the transcript of the testimony of Manicini, which the reporter had already testified he had heard, reduced to writing, and correctly transcribed, and no further objection was made, excepting that counsel for defendants suggested with reference to a certain question and answer, "That part of it is irrelevant." The evidence offered and admitted was the best evidence by which such facts could be proven. Brown v. Luehrs, 79 Ill. 575; Luetgert v. Volker, 153 Ill. 385, 388, 39 N. E. 113. When Venlinio's testimony was read, no further objection was made.

[4] Further objection is made to the admission of testimony by the trainmen that shoes which one of the defendants said he had left in the train were not found there by any of the trainmen. It had some bearing, and was competent to contradict and test the truthfulness of defendant's testimony; but it is of so little importance that, if erroneously admitted, it could not furnish a basis of reversal.

[5] 3. Complaint is also made that nonexperts on handwriting were not permitted to testify as to specimens of handwriting; one being the name "Carlo Molini" on a hotel register and the other being the name "Carlo Molini" written several times on a sheet of paper in the presence of the witness John Beltram. Whether or not there was any error in that connection is wholly immaterial, because the witness Trendley, an expert on handwriting, was permitted to testify, and in addition to that the hotel register and the names on the paper were admitted in evidence. The jury were as capable of determining their genuineness as other nonexperts.

[6] 4. The last error relied upon is that the charge of the court to the jury failed to indicate the degree of proof required to convict. There were no objections or exceptions to the instructions, but the error is not well assigned, because the court told the jury that the defendants were charged with perjury, which, "under the law, means that they willfully and maliciously swore falsely in the cause described in the indictments in this case." It is alleged in the indictments that they testified to a material matter in the trial of the case wherein Skeeters Muskino was a defendant, with others. The jury was told:

"The government is required by the law to produce such evidence as will satisfy your mind beyond a reasonable doubt that the defendant is guilty as charged in the indictment."

The court told the jury:

"The defendants under the law are presumed to be innocent, and that presumption continues until such times as the jury believes from the evidence beyond a reasonable doubt that they are guilty."

And the court again told the jury:

"The only question that you do determine by your verdict is the guilt or innocence of these defendants of the crime with which they are charged, and that is of knowingly and willfully swearing to a thing which they do not believe, or which wasn't so."

There was no substantial error in the instructions.

The judgments are and each of them is affirmed.