## RYAN v. UNITED STATES.
### No. 4604.

Circuit Court of Appeals, Seventh Circuit.
May 3, 1932.

M. Lester Geers, of Edwardsville, Ill., and A. B. Dennis, of Danville, Ill., for appellant.

Paul F. Jones, U. S. Atty., of Danville, Ill., and J. Fred Gilster, Asst. U. S. Atty., of East St. Louis, Ill., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

Appellant relies upon the following alleged errors of the trial court: (1) In overruling the demurrer to the indictment; (2) in denying appellant's motion for a directed verdict at the close of the government's evidence, and also at the conclusion of all the evidence; (3) in overruling his motion for a new trial; (4) in overruling his motion in arrest of judgment; (5) in admitting in evidence, over his objection, Government Exhibits 9, 10, and 12; and (6) in admitting, over his objection, the testimony of F. A. Buchanan.

The indictment herein involves the statute relating to perjury, 18 USCA § 231 (Cr.

Code § 125),[1] as well as the one relating to subornation of perjury, 18 USCA § 232 (Cr. Code § 126).[2]

With reference to the validity of the indictment, appellant contends that the subject-matter of the inquiry, concerning which Mrs. Pearson testified falsely, was not material to the issue then before the referee. The indictment alleged generally that it was material to the issue, and the remaining allegations in no way controvert the general allegation. This is sufficient. Berry v. United States (C. C. A.) 259 F. 203; United States v. Salen (D. C.) 216 F. 420; Baskin v. United States (C. C. A.) 209 F. 740; United States v. Nelson (D. C.) 199 F. 464; Ammerman v. United States (C. C. A.) 185 F. 1. Aside from the general allegation of materiality of the inquiry to the subject-matter in issue, we think the specific allegations of the indictment so obviously show the materiality of the inquiry as to render further discussion quite unnecessary.

It is next contended by appellant that the indictment is defective in not alleging that appellant knew that the witness would corruptly and willfully give the false testimony; and in support of this contention he cites United States v. Dennee, 25 Fed. Cas., page 817, No. 14,947, decided by the Circuit Court of Louisiana in 1877, and United States v. Evans, 19 F. 912, decided by the District Court in California in 1884. The Dennee Case seems so to hold, but, so far as we are able to ascertain, it has never been followed in any other federal court. The Evans Case, as we read it, does not support appellant's contention. It holds that to constitute the crime of procuring perjury to be committed, it is not enough that both the accused and the witness knew the falsity of the statements sworn to, but that the accused must also have known that the witness knew the statements to be false. The instant indictment is not defective in this particular. In Boren v. United States (C. C. A. Cal. 1906) 144 F. 801, 802, the court said that the essential elements of the crime of

subornation of perjury are: "(1) that the testimony of the suborned witness must be false and known to be false by him, and the truth of the matter so falsely testified to must be set forth; (2) the suborner must know or believe that the testimony of the witness about to be given will be false, and he must know or intend that the witness is to give the testimony corruptly or with the knowledge or belief of its falsity." In none of these respects is the instant indictment at fault.

Appellant further contends that the witness cannot be held for perjury on account of any false testimony she may have given before the referee, and for that reason appellant cannot be held for subornation of perjury. This conclusion would be correct if the premise were sound, but that the premise is not sound is well settled. Hammer v. United States, 271 U. S. 620, 46 S. Ct. 603, 70 L. Ed. 1118; Cameron v. United States, 231 U. S. 710, 34 S. Ct. 244, 58 L. Ed. 448; Glickstein v. United States, 222 U. S. 139, 32 S. Ct. 71, 56 L. Ed. 128; Gordon v. United States (C. C. A.) 5 F.(2d) 943; Schonfeld v. United States (C. C. A.) 277 F. 934; Ulmer v. United States (C. C. A.) 219 F. 641; Baskin v. United States (C. C. A.) 209 F. 740; Epstein v. United States (C. C. A.) 196 F. 354; Daniels v. United States (C. C. A.) 196 F. 459; Hashagen v. United States (C. C. A.) 169 F. 396; Wechsler v. United States (C. C. A.) 158 F. 579; Troeder v. Lorsch (C. C. A.) 150 F. 710; Edelstein v. United States (C. C. A.) 149 F. 636, 9 L. R. A. (N. S.) 236. There was no error in overruling the demurrer to the indictment, or in overruling appellant's motion in arrest of judgment, or in failing to direct a verdict in favor of appellant.

The testimony of F. A. Buchanan was admitted for the purpose of impeaching appellant by his statements made at another time relative to the number of times that Mr. and Mrs. Pearson had been in appellant's office at St. Louis. There was no error in this ruling.

Appellant insists that Government Exhibits 9, 10, and 12 were erroneously admitted in evidence. These exhibits were letters. No. 10 was written to Mrs. Pearson by appellant on June 3, 1929; No. 12 was written to bankrupt on July 24, 1929, and was signed "Jim," which is appellant's first name; and No. 9 was written to bankrupt on March 3, 1930, and was signed "Jim and Joe," but it was probably written by Hopewell. On what theory these letters were offered or

---

[1] 18 USCA § 231. "Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury, and shall be fined not more than $2,000 and imprisoned not more than five years."

[2] 18 USCA § 232. "Whoever shall procure another to commit any perjury is guilty of subornation of perjury, and punishable as in section 231 of this title prescribed."

admitted we have not been informed, nor do we know, unless they were considered important in showing the relations existing between appellant and Hopewell and bankrupt and his wife; but even for this purpose they could only be considered as remotely material, if at all. The contents of these letters are largely laudatory of the writers. They contain nothing which bears on the guilt or innocence of appellant and cannot be considered as prejudicial. We think their admission in evidence was harmless.

█ The court's ruling on the motion for a new trial presents no question for our consideration. Judicial Code, § 269, 28 USCA § 391; Brown v. United States (C. C. A.) 9 F.(2d) 588. The evidence supporting the verdict is quite substantial and decidedly convincing.

Judgment affirmed.