# UNITED STATES v. CASON.

## No. 9606.

District Court, W. D. Louisiana,
Lake Charles Division.

Feb. 1, 1941.

Harvey G. Fields, U. S. Atty., and Malcolm E. Lafargue, Asst. U. S. Atty., both of Shreveport, La., for plaintiff.

James G. Palmer, of Shreveport, La., for defendant.

DAWKINS, District Judge.

The indictment charges the defendant with the crime of perjury before a grand jury. Demurrers, pleas of vagueness and for a bill of particulars have been filed. The issues raised thereby are correctly summarized by counsel for defendant under the following headings:

"1. That no crime is actually charged;

"2. That the indictment is vague, because the questions asked defendant and the answers he gave are not given, although available to the prosecution, but instead, only the alleged substance of defendant's testimony is stated, which is merely the expression of an opinion of the pleader and therefore, defendant is entitled to a bill of particulars furnishing him with the questions asked him, and the answers he gave thereto to correctly determine just what was his testimony.

"3. That in as much as the defendant was forced to appear before the Grand Jury under a subpoena, and that in as much as the Grand Jury had subpoenad him to testify concerning an investigation in which an indictment was sought against him, the Grand Jurors had exceeded their authority, in as much as they had no jurisdiction over defendant as a witness under such circumstances, and therefore had no authority to administer to him an oath under which he was to give testimony in an investigation in which an indictment was then sought against himself, since under Amendment Number Five to the Constitution of the United States, no person 'shall be compelled in any criminal case to be a witness against himself.'

"4. That the indictment, containing three separate and distinct counts, based upon three separate and distinct state of facts, is duplicitous.

"5. That should the court hold that the solicitation referred to in all counts was substantially as one act, from all of the parties as the same act, and therefore not duplicitous because of a multiple of charges based on separate facts, then in as much as the defendant was only sworn one time, and gave all of his testimony continuously at one sitting, concerning facts considered to be the same act, even if false, it could not constitute more than one offense of perjury, and therefore the indictment is duplicitous in attempting to indict him on three counts under such circumstances."

1. The first point is based, according to the argument, upon the proposition that, because the indictment, in describing the circumstances under which the perjury was committed, says that "there came on for investigation and hearing * * * a matter involving the violation of Section 208 of Title 18, U.S.C.A. * * * in that one B. W. Cason, Commissioner of the Department of Labor * * * receiving salary and compensation for services from money derived from the Treasury of the United States, did directly or indirectly solicit, or receive, or was * * * concerned in soliciting or receiving assessments and subscriptions for political purposes * * * from employees of the Department of Labor * * *, which employees were receiving salaries and compensation for services from money derived from the Treasury of the United States * * *; * * * and thereupon it became material and was then and there a material question * * * whether * * * Cason * * * had been involved in the illegal soliciting * * * of political assessments and subscriptions * * * from the employees aforesaid * * *." (italics by the writer), it does not charge an offense. In other words, it is contended that it was necessary to allege that defendant had actually solicited such subscriptions while both he and the persons so solicited were drawing their pay from the Treasury of the United States, and use of the words "had been involved" was insufficient.

This argument loses sight, I think, of the fact that the defendant is here charged with perjury, not the violation of Section 208, and all that was necessary was to show the nature of the matter under investigation, as being one over which a Federal Grand Jury had jurisdiction and the relevancy of the testimony thereto. It might well happen that Cason was innocent of offenses denounced by this Section 208, but this would not absolve him if he

gave false testimony as to material matters as to others. Perjury would be committed none the less.

■ 2. As to the second contention above, no authority has been cited to support the idea that, because the testimony happened to be taken down by a stenographer, it had to be quoted verbatim in question and answer form to render the indictment valid. Such a holding would make validity depend upon the incident of whether the false testimony was or was not reported. It is sufficient, I think, if the bill charges the substance of the testimony in language which informs the defendant of what will be sought to be proven on the trial and to show its materiality to the matters within the scope of an investigation by a Federal Grand Jury. See Venlinio v. United States, 7 Cir., 276 F. 12.

■ The indictment in the first count charges, in substance, that the matter under investigation was, whether or not defendant, while receiving salary or compensation from the Federal Treasury as Labor Commissioner, etc., had directly or indirectly solicited, received or was concerned in such soliciting or receiving of assessments or subscriptions for political purposes in violation of Section 208, Title 18, U.S. C.A., and that having been properly sworn as a witness before the Grand Jury, he falsely and corruptly stated that he had not received or handled some 2,000 subscription blanks to "The Progress", a "political paper published in and for the interest of said B. W. Cason and his political associates * * * whereas in truth and in fact, as * * * Cason * * * well knew, the testimony, which he then and there did willfully give under oath, was then and there false, in that he had actually received the 2,000 subscription blanks * * * had actually signed and receipted thereto" and with all of the additional averments necessary to charge willful perjury.

The second count charges that the defendant again committed perjury while testifying before the Grand Jury by swearing that he had never instructed any of the employees of his Department to contact the branch offices in the state for the purpose of discussing with the other employees therein the obtaining and soliciting of such subscriptions; whereas, in fact, he had instructed H. B. Turcan, an employee of the main office to inform those in the branch offices that they would be expected to take or dispose of such subscriptions on the basis of three to each whose salary was $125 per month or less and five to those receiving more than $125 per month, with like appropriate language to embrace willful and corrupt perjury.

The third count deals with a similar charge with respect to instructions to the employees in the central office that they would be expected to take and pay for subscriptions upon the same basis.

From what has thus been said and quoted from the bill, it seems clear that the defendant has been given all the information needed.

■ 3. On the third point, at the hearing of these pleadings on December 16th, 1940, the Government offered in evidence the following documents, to-wit:

"United States of America
   vs.
Generaly

"Waiver of Immunity

"I, B. W. Cason, after having been duly advised as to my constitutional rights by the United States Attorney's office, do hereby voluntarily consent to appear and testify in the above-entitled cause before the Grand Jurors of the United States of America within and for the Western District of Louisiana, Lake Charles Division, at Lake Charles, Louisiana, and do hereby voluntarily waive immunity from prosecution for any offense of mine which shall be disclosed or indicated by me in so appearing and testifying or by any testimony which I may give or by any testimony or statements I may make in the presence of the said Grand Jurors; knowing full well that any and all testimony and statements made by me may be used against me in a criminal prosecution. This is to further certify that no threats, promises, rewards or inducements of any kind were made to me by anyone in order to have me give testimony or to make any statements.

"Signed at Lake Charles, Louisiana, this 8 day of May, 1940.

"(Signed) B. W. Cason

"Western District of Louisiana
"Lake Charles Division

"On this 8 day of May, 1940 before me personally appeared B. W. Cason, to me known and known to me to be the person described in and who signed the foregoing consent and waiver, and he duly acknowl-

edged to me that he executed the same freely and voluntarily.

"(Signed) E. H. Boling
"Foreman, United States Grand Jury"

The defendant also filed in evidence his affidavit as follows:

"State of Louisiana ⎱
Parish of Calcasieu ⎰

"Affidavit of B. W. Cason

"Before me, the undersigned authority, on this day personally came and appeared B. W. Cason, who being by me first duly sworn, deposes and says:

"That the only reason why he appeared before the United States Grand Jury of the Western District of Louisiana, Lake Charles Division, on or about the eighth day of May, 1940, at which time he has been indicted, on three counts, for perjury on the allegations that his testimony given before the said Grand Jury at said time, was knowingly false, he was regularly subpœnaed by said Grand Jury and forced to do so, without which subpœna he would not have appeared and testified before the said Grand Jury.

"Deponent further avers that when he was called before the said Grand Jury the oath was administered to him but once, and that all the testimony he gave before the said Grand Jury was given under that single oath, and that his said testimony in its entirety was given in a continuous manner and without turning aside.

"Deponent further avers that a stenographer was present in the Grand Jury room when he was before the said body and reported, in short hand, his entire testimony, which is, he assumes, available to the District Attorney, and was available to the said Grand Jury, as well as was available to the Grand Jury of the Western District of Louisiana, Shreveport Division, which said body returned the indictment charging him with the said crime of perjury.

"Sworn to and subscribed before me (Signed) B. W. Cason on this the 16th day of December 1940.

"(Signed) John I. Fowler.
"Notary Public."

The waiver, of course, speaks for itself. The affidavit states that the "only reason why he appeared before the Grand Jury * * * he was regularly subpœnaed * * * and forced to do so, without which subpœna he would not have appeared and testified." Giving full effect to the statement, that he was "forced" to

appear and "would not have appeared and testified" without it, he does not say he was forced to testify, but on the contrary, the waiver which he signed, and is in no way disputed, shows that he did "voluntarily consent to appear and testify" and that he did "voluntarily waive immunity from prosecution * * * knowing full well that any and all testimony and statements made by him may be used against him in a criminal prosecution * * *." There is nothing to show that he did not fully understand the meaning of this document, which for the purposes of this case must be taken as true.

I do not think it was necessary to recite in the indictment that the defendant had waived immunity, and its validity can not be destroyed by the ex parte affidavit thus offered. On the other hand, even if he had been compelled to testify against his will, this would not render him immune from a charge of perjury. In other words, the protection of the Fifth Amendment can not be used, as stated by the Supreme Court in Glickstein v. United States, 222 U.S. 139, 32 S.Ct. 71, 56 L.Ed. 128, as a license to commit that offense.

4. The issues as stated and argued in the brief upon this point are somewhat in conflict with the plea itself, as will be seen from the quotation above that the "three separate and distinct counts (are) based upon three separate and distinct state of facts", whereas in the motion itself, it is alleged: " * * * said indictment is wholly bad for duplicity, in that all the testimony given by defendant before the Grand Jury, on which this indictment with all three counts therein set forth, is based, was given under but one oath taken by defendant before the said Grand Jury, and in one continuous examination from the beginning thereof until the ending thereof and consequently could not constitute the bases for more than one charge of false swearing or perjury, and having included three counts in the said indictment, based on three separate and distinct state of facts, the indictment is wholly bad, null and void."

The defendant, as a witness before the Grand Jury, was bound to tell the truth, and each time he willfully and corruptly swore falsely as to any distinct, separate and material matter under investigation, of which a Federal Court had jurisdiction, it constituted a separate offense of perjury. See Seymour v. United States, 8 Cir., 77

.2d 577, 581, 99 A.L.R. 880, from which quotation is made as follows:

"Joinder of Separate Counts in Indictment. The next contention of appellant is that there was but one crime charged and that the prosecution should have put 'all the questions and answers assigned as perjury into one count, and proof of one or more would have been sufficient, although proof as to others might have been insufficient or entirely lacking.' This contention is not well grounded. The matters covered by the indictment related to various alleged false statements in answer to questions concerning different matters. The first count referred to statements that appellant made concerning his 'contact with' the primary campaign and having conferences concerning such campaign. The second count covered statements that he knew of money being available for use in the campaign only from the newspapers, that he had spent no money in that connection, and that no money or credits had been placed at his disposal for such use. The third count concerned statements that he had no knowledge of contributions for or against any candidate. The fourth count concerned statements that he had had no part in encouraging the candidacy of George W. Norris of Broken Bow. The sixth count concerned statements that he had taken no part in any conferences relating to any political situation in Nebraska involving the candidates for Senator. In only one particular (having conferences concerning the primary), which appears both in counts 1 and 6, was there any duplication of subject-matter and, as to that, the government was compelled to elect the count upon which it would rely, and selected count six. Thus it appears that the statements covered by the several counts referred to different matters of inquiry. Neither the circumstances that all referred to the same general subject of inquiry or that all were made at the same hearing prevents each from being a separate and distinct crime punishable as such. The commission of perjury as to one matter does not absolve the witness or afford him immunity as to all other matters covered by his testimony at the same hearing. The obligation to testify truly and the penalty for false swearing is present as to every material answer given by him. While there is a sound discretion as to such matters in the trial court (Pointer v. United States 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208; Morris v. United States

[8 Cir.], 161 F. 672), it would seem there would have been more ground for attacking the indictment as duplicitous had all of these matters been joined in one count than there is to attack the statement in separate counts."

5. Having reached the conclusion that the indictment properly charges distinct offenses in the several counts, there is no occasion to require the Government to elect as to which count it will rely upon.

The demurrer and pleas should be and are accordingly over-ruled.