# CHARLES AULGER

*v.*

## ASA S. SMITH.

1. EVIDENCE. When the court admits a part of the evidence of a plaintiff given on a trial of another case, it is error to prevent the witness from giving all of his evidence, relating to the matter in issue.

2. SAME — *Lost deposition, contents proved.* Where a witness has given his deposition which was read on a former trial of the case, and has been lost; and the witness is dead at the time of the trial, the contents may be proved like any other lost paper.

3. SAME — *Proof of malice.* In an action for assault and battery, it is error to exclude evidence which tends to prove malice in the defendant at the time when the assault was committed. Such evidence is material on the question of the measure of damages.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. M. WILLIAMSON, Judge, presiding.

This was an action of trespass *vi et armis*, brought by Aulger against Smith the defendant. The declaration charges the defendant with stabbing the plaintiff with a knife, and claims special damages. The defendant plead the *general issue* and *son assault demesne*. The plaintiff filed a replication *de injuria* — issue joined.

A trial was had before a jury, and the plaintiff, on the trial, proved that Cicero S. Burns was then dead, and that he had in his lifetime given his deposition in the cause, and that it had been read on a former trial; that it was then lost. The court permitted plaintiff to give parol evidence of the contents of

his deposition, but afterwards, on the motion of defendant, excluded it from the consideration of the jury, and an exception was taken.

Wiles testified that he was on the jury when defendant was tried, criminally, for the same offense. That Aulger was a witness on that trial, and witness testified to Aulger's evidence in part; and plaintiff asked the witness to give all of Aulger's testimony on the former trial, but defendant objected, and the court sustained the objection and plaintiff excepted.

After hearing the evidence, the jury returned a verdict in favor of defendant, plaintiff entered a motion for a new trial, which was overruled by the court; and a judgment was rendered on the verdict, against the plaintiff for costs; to reverse which, he brings the cause to this court by writ of error; and asks a reversal, because the court below excluded from the jury, the evidence of the contents of Burn's deposition; and in permitting Wiles to testify to a part of the testimony given by plaintiff on the trial of defendant in the criminal prosecution, and refusing to permit the witness to state all of his testimony on that trial; and in overruling the motion for a new trial and in rendering judgment on the verdict.

Messrs. INGERSOLL and S. D. PUTERBAUGH, for the plaintiffs in error:

1. There can be no question raised as to the admission of parol proof of the contents of the depositions of Burns and Speck, on the ground of want of proper proof of their existence and loss. The affidavit of the clerk of the Tazewell Circuit Court shows that they were filed and used on the trial at the September term, 1863, of that cause, and were since lost, and cannot be found. The witnesses, Burns and Speck, were both dead, and the depositions had been lost. Mitchell heard them read at the September term, 1863, of that court, and could give the substance of their contents as read. The defendant was present at the trial and made no objections to them as read.

We will pass the *second* error assigned, and proceed to notice the *third*.

The defendant called as a witness F. W. Wiles, who testified that he was on the jury when the defendant was tried criminally for the same assault, and heard the testimony of the plaintiff at that trial; the court permitted him to testify as to part of Aulger's testimony on that trial, but the court refused to admit the balance relating to the difficulty.

2. The whole of the admission should have gone to the jury, and the jury should consider, under all the circumstances, how much of the whole statement they deem worthy of belief. Greenleaf lays down the rule to be as follows: (In speaking of the effect of admissions when proved, says:)

" And here it is first to be observed, that the *whole admission is to be taken together;* for though some part of it may contain matter favorable to the party, and the object is only to ascertain that which he has conceded against himself, for it is to this only that the reason for admitting his own declarations applies, namely, the great probability that they are true; yet unless the whole is received and considered, the true meaning and import of the part which is good evidence against him, cannot be ascertained. But though the whole of what he said at the same time, and relating to the same subject, must be given in evidence, yet it does not follow that all the parts of the statement are to be regarded as equally worthy of credit; but it is for the jury to consider, under all the circumstances, how much of the whole statement they deem worthy of belief, including as well the facts asserted by the party in his own favor, as those making against him." 1 Greenl. on Ev. § 201, and cases there cited.

Mr. C. A. ROBERTS, for the defendant in error:

Under the circumstances, the jury was surely right in finding for the defendant. And I have no idea that this court will establish the precedent that a young, strong man may unlawfully and wantonly attack an old man, and after getting the worst of the bargain, come into court, and have wounds

received in his brutal sport, plastered over with the hard earnings of his intended victim.

Occurrences of the kind will not be so frequent if men are taught that they cannot with impunity practice their evil propensities on quiet, unoffending citizens.

I believe the court will unhesitatingly affirm the judgment of the court below.

Mr. CHIEF JUSTICE WALKER, delivered the opinion of the court:

·This was an action *vi et armis*, for an assault and battery. The declaration avers that defendant stabbed plaintiff with a knife. The general issue and a plea of *son assault demesne* were interposed, upon which issues were joined. A trial was had, resulting in a judgment in favor of defendant, to reverse which this writ of error is prosecuted.

On the trial below, the court permitted a witness to testify to a part of the evidence of plaintiff in error, given to the jury on a criminal trial for the same offense, but prevented him from testifying to the balance that was then said by plaintiff in error. This was in the nature of an admission by the party, and when made evidence by one party, the other has a right to call for the whole statement. To permit detached portions only, of an admission to be given in evidence, would work great injustice and manifest wrong. It would not be giving evidence of what was said, but of something never intended. If any portion of an admission is unfavorable to the party having a right to call for it, he need not call for any portion of the statement.

It is objected that the court erred in excluding the proof of the contents of the lost deposition of C. L. Burns, taken and read in the criminal prosecution for the same assault. It was proved that his deposition was lost, and the witness had died after it was taken. The rule is well recognized, that the contents of lost papers may be proved by the best attainable secondary evidence. The rule grows out of necessity, to prevent injustice and wrong. So long as the paper can be

produced, such evidence is not admissible, but if its loss is established, it is otherwise. No difference is perceived between lost depositions and any other written testimony, except that if the witness was living, proof of the contents could not be made, as it would not be equal, as testimony, to the production of the witness himself. We are of the opinion that the contents of this deposition might be proved by any person who knew, and could testify as to its contents. Nor was the court below warranted in excluding this evidence, upon the ground of irrelevancy. The deposition of Speck gave a conversation between the witness and defendant in error, in which he gave his version of the difficulty. If plaintiff in error chose to do so, he had the right to make defendant's statements evidence. They tended to prove the issue in the case. As plaintiff in error claimed special damages, Burns' testimony was material, as it tended to prove malice. It is true that the statement from which it might be inferred, was made after the occurrence, but it as fully showed the state of feeling on the part of defendant in error, as if it had been made at the time, or previous to the occurrence of the difficulty. It, in fact, was stronger evidence than if made at the time, as sufficient time had elapsed for passion and excitement to cool. Evidence of the contents of both of these depositions should have been admitted, and the court erred in rejecting it. The judgment of the court below is therefore reversed and the cause remanded.

*Judgment reversed.*