WESLEY W. HUTCHINGS, Adm'r of E. M. Hutchings,

*v.*

## JOHN W. CORGAN.

EVIDENCE—*proving testimony of deceased witness on former trial—act of* 1867. In an action on a promissory note, against the administrator of the maker, on which the same party had previously brought suit against the maker in his life time, the latter testifying therein in his own behalf in relation to the note, but the former took a non-suit, the defendant offered to prove by a witness who was a juror on the trial of the former suit, and who stated that he remembered the testimony of deceased at that time, what the deceased testified to in relation to the note, and how his signature thereto was obtained : *Held*, the evidence, being material to the issue, was competent as falling within the general rule that the testimony of a deceased witness, on the same subject matter between the same parties, may be given on a second trial by any one who remembers it, whether the testimony was reduced to writing or not. Although the action was against an administrator, there is nothing in the act of 1867 that renders such testimony incompetent.

APPEAL from the Circuit Court of Washington county; the Hon. S. L. BRYAN, Judge, presiding.

Mr. AMOS WATTS, for the appellant.

Messrs. HOSMER & DURHAM, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was originally commenced in the county court of Washington county, and removed to the circuit court of that county, where a trial was again had, which resulted in a judgment for the appellee.

It was admitted on the trial, that the appellee had commenced a suit against Elijah M. Hutchings, in his life time, on the note now in controversy; that the said Hutchings, on the former trial, testified in his own behalf in relation to the note, and that before the final decision in the cause, appellee took a non-suit.

The appellant offered to prove by the witness Driskill, who was a juror on the trial of the former suit, and who stated that he remembered the testimony of Elijah M. Hutchings, now deceased, what the said Hutchings testified to at that trial, in relation to the note, and how his signature thereto was obtained. The appellee objected to the evidence offered, and the court sustained the objection. This was error.

It is not doubted, that if the deposition of the intestate had been taken and read on the trial of the former suit, it would be competent evidence under the statute, in the present action. We see no reason for making a distinction between written and oral testimony in such cases.

Under our statute, the intestate was a competent witness on the trial of the first case, and the testimony now offered falls under the general rule, that the testimony of a deceased witness, on the same subject matter between the same parties, may be given on a second trial by any one who remembers it, whether the testimony was reduced to writing or not. 1 Greenlf. Ev. sec. 163; *Aulger* v. *Smith*, 34 Ill. 534.

Although the action is against an administrator, there is nothing in the act of 1867 that renders such testimony incompetent. The evidence was material to the issue, and ought to have been allowed to go to the jury for their consideration, in connection with the other evidence in the case.

For the error indicated, the judgment must be reversed and the cause remanded.

*Judgment reversed.*