JOSEPH LOUGHRY

v.

ISAAC D. MAIL.

*Executions—Payment to Constable on Discharge of Debt—Parol Evidence.*

1. A payment made to a constable, having in his hands an execution by the execution debtors, or by any one in their behalf, operates *pro tanto* as a discharge of the judgment debt, and such payment may be shown by parol.

2. What was testified to by a witness, since deceased, at a former trial, where the same subject-matter and the same parties are involved, may be shown by those who heard and recollect the testimony.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Crawford County; the Hon. WILLIAM C. JONES, Judge, presiding.

George Loughry was indebted to Isaac D. Mail in the sum of $95.57 on a promissory note, on which Joseph Loughry was surety. Mail recovered judgment against Geo. and Jos. Loughry for that amount. Execution was issued and delivered to Allen Swim, constable, on October 13, 1877.

Joseph Loughry paid $50 on that judgment and costs December 13, 1877. On January 11, 1878, by order of plaintiff, that execution was returned, and on March 2, 1878, alias execution was issued and delivered to constable Swim, which was returned May 13, 1878, no property found.

These facts appear from the transcript of the justice of the peace. On April 1, 1879, Jos. Loughry executed and delivered his promissory note to Isaac D. Mail for $55.22, with interest at ten per cent per annum from date. That note was in satisfaction of the judgment against Geo. and Jos. Loughry, Joseph then believing there was that amount due on the judgment.

That note was sued on before a justice of the peace, and Emily Hamilton, the mother of Geo. and Jos. Loughry, testified on the trial before the justice that she paid Allen Swim on an execution, issued against Geo. and Jos. Loughry, in favor of I. D. Mail, the sum of $50.

The case was appealed from the justice, and on trial in the Circuit Court appellant set up as a defense to this note that while the alias execution was in the hands of constable Swim, Emily Hamilton paid the constable $50 for Geo. Loughry, who was the principal maker, and that appellant, without knowledge of such payment, executed this note for the same judgment that was satisfied by the payment of $50 by Emily Hamilton.

Before the trial in the Circuit Court Emily Hamilton died, and appellant offered to prove what was testified to by her on the trial of the case before the justice of the peace, which evidence was excluded by the court.

Appellant also offered as a witness Hannah Fox, to prove that she witnessed the payment made by Emily Hamilton on the execution, which was excluded by the court.

Verdict and judgment for the plaintiff for $107.21. Appellant brings the record to this court and assigns error exclusive of the evidence.

Messrs. CALLAHAN, JONES & LOWE, for appellant.

Messrs. ROBB & BRADBERRY, for appellee.

L., E. & St. L. Con. R. R. Co. v. Surwald.

PHILLIPS, J.   Where a collecting officer receives a payment of a debt in his hands for collection, it is to the amount of the payment a satisfaction of the debt.   The constable had in his hands an execution against Geo. and Jos. Loughry, and a payment made by either of them, or by one in behalf of either of them is, to the amount of such payment, a satisfaction of the debt.   Seymour v. Haines, 104 Ill. 562.

What was testified to by a witness, since deceased, where the same subject-matter and the same parties are involved, may be shown by those who heard and recollect the testimony.

That proof of payment by those making the payment, or by those who witnessed the payment, is admissible as primary evidence, not depending for its admissibility on the payment being indorsed on the execution, or on being paid over by the constable to the plaintiff in execution.   The court erred in excluding the testimony offered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*