ALBERT L. LUETGERT

*v.*

FREDERICK W. VOLKER.

*Filed at Ottawa November 27, 1894.*

1. EVIDENCE—*as to quality of goods of same lot.* It is admissible in a suit for the price of sausages alleged to have been spoiled, for the plaintiff to prove that other sausages, made at the same time, were in good condition after the sale, as tending to show that those sued for were also good.

2. SAME—*proper to prove defendant's opportunity to inspect goods.* In such a suit it is proper to prove the defendant was at plaintiff's factory before the sale, both to show he was mistaken in swearing he was not there, and also as showing his opportunity to inspect the sausages before purchasing.

3. SAME—*testimony of deceased witness competent.* Upon proof that a deceased witness testified on a former trial, and that the transcript produced was a correct copy of the shorthand notes taken at the trial, such transcript may be read in evidence, without a formal offer of the record of the previous trial.

4. SAME—*production of interpreter as a witness—when waived.* The objection that the interpreter through whom such deceased witness testified was not produced must be made specifically at the trial, and will come too late when first made in a court of review.

5. SAME—*that other goods of plaintiff were spoiled.* Evidence that sausages purchased of plaintiff by another party were bad, is prop-

erly excluded, unless offer is made to prove they were of the same lot as those purchased by defendant.

6. INSTRUCTIONS—*as to allowing interest upon a liquidated account.* It is not error to instruct the jury that they may allow interest upon an account after the time that a defendant admits to the plaintiff that the goods for which the debt accrued were all right, and that the bill therefor was correct.

*Luetgert* v. *Volker*, 54 Ill. App. 287, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK ADAMS, Judge, presiding.

Mr. ARNOLD TRIPP, for the appellant:

There was no record offered to show that this cause had once been tried, and as the rule of evidence requires the best to be produced, the record should have been offered. *Chambers* v. *Hunt*, 22 N. J. L. 562.

Evidence of what an interpreter testified to as received by him in a foreign language by a witness on a former trial can not be given by one who heard the evidence, unless the interpreter be dead, or insane, or out of the jurisdiction, or sick and unable to testify, or, having been summoned, appears to have been kept away by the adverse party. *Schearer* v. *Harber*, 36 Ind. 536; *People* v. *Ah Yute*, 56 Cal. 119.

Mr. S. P. DOUTHART, for the appellee:

Objections to evidence, to be of any avail, must be reasonably specific. The particular objection must be fairly stated. It is not enough to state that the evidence is incompetent, or that it is immaterial or irrelevant. *Crawford* v. *Railroad Co.* 112 Ill. 314; *Holman* v. *Gill*, 107 id. 476; *Groom* v. *Parables*, 28 Ill. App. 152; *McDonald* v. *People*, 25 id. 350; *Strader* v. *Snyder*, 67 Ill. 404; *Walcott* v. *Gibbs*, 97 id. 118; *Bridge Co.* v. *Commissioners*, 101 id. 518.

The allowance of interest was not error, the account being liquidated. *Haight* v. *McVeagh*, 69 Ill. 629.

Mr. JUSTICE CRAIG delivered the opinion of the court :

This was an action of assumpsit, brought by appellee in the circuit court of Cook county, against appellant, to recover for 28,564 pounds of summer sausages, which had been sold and delivered at thirteen cents per pound. A trial of the cause before a jury resulted in a judgment in favor of the plaintiff for the amount claimed, which, on appeal, was affirmed in the Appellate Court.

On the trial in the circuit court appellee introduced evidence tending to prove that the appellant came to his factory on the 23d day of June, 1889, inspected the sausages, and after making a thorough examination he bought the same on his own judgment, without warranty on behalf of plaintiff ; that after the trade was concluded, defendant wrote and signed, on one of his business cards, the following :

"I bought from F. Volker a stock of sausages at 13c., terms twenty days from date of delivery.

A. L. LUETGERT."

On the other hand, appellant contended that appellee delivered him certain samples of the sausages, and that he, after inspecting same, made the purchase, upon the representation of appellee that the sausages were as good as the samples ; that the sausages delivered were not as good as the samples, but were spoiled.   As to the question of fact, it is sufficient to say the jury found against appellant and in favor of appellee, and that finding having been approved in the Appellate Court by a judgment affirming the judgment of the circuit court, we are not at liberty to review the facts on this appeal, but they must be treated as conclusively settled against appellant.  Unless, therefore, errors of law occurred on the trial the judgment will have to be affirmed.

It is said, however, the court erred in its rulings on questions of evidence, and the first alleged error to which our attention has been called is the decision of the court

allowing the witness Wendt to testify to the condition of seventy-five pounds of sausages he saw in appellee's factory on July 5. It appears that the sausages sold and the seventy-five pounds retained were all made in January, as one lot, and if the seventy-five pounds left hanging in the factory after the others had been taken out were in good condition, it was proper to show that fact, as evidence tending to prove those delivered were also good.

It is also claimed that the court erred in allowing two witnesses to testify that appellant was at the factory about the middle of June, while they were removing an engine. Appellant had testified that he had not been in the factory that summer, and this evidence was proper to show, first, that he was mistaken, and second, to show that he was there, and might have inspected the sausages before the purchase.

The next error complained of was the reading by appellee of the testimony of Paulina Kurster, a deceased witness, the witness having testified on a former trial of the cause in the circuit court. Preliminary proof was made that the witness had testified on the former trial, and had died since the trial. Charles Carpenter was then called, and testified: "I am a stenographer and shorthand writer, and have been such for more than fifteen years. I acted in that capacity on the former trial of this cause. There was a witness sworn and testified on that trial by the name of Paulina Kurster. I reported her evidence. My report of the same is correct. That evidence was translated into longhand on a type-writer. I have compared the transcript with my original notes, and it is correct, and this is the transcript." The court then allowed a transcript of the evidence to be read, and the ruling is sustained by *Brown* v. *Luehrs*, 79 Ill. 575. The objection that no record proof was offered to show a former trial is without merit. If a record of a previous trial was required, it was before the court, and a formal offer

of the record in evidence was not necessary. What has been said in regard to this witness applies to the others.

It is also said, one of the witnesses testified through an interpreter, and the interpreter should have been produced. As respects this position, it is sufficient to say that no objection of this kind was made when the evidence was offered, and, now being made for the first time, it comes too late.

The appellant offered to prove by one Epstine that in March and April, 1889, he purchased of plaintiff one hundred cases of sausages, and when they reached their place of destination they were sour and spoiled. The offered evidence was rejected by the court, and the decision is claimed to be erroneous. If appellant had offered to prove these sausages were made by appellee, or belonged to the same lot which appellant purchased, we think the evidence would have been admissible. But such was not the case, and as no connection seems to have existed between these sausages and the sausages in question, we do not regard the ruling erroneous.

It is also claimed that the court erred in holding that appellee was entitled to recover interest. This point is predicated upon an instruction given by the court, in substance as follows:

7. "If, from the evidence, you find the issues for the plaintiff, and find, from the evidence, that after all the sausages in question were delivered to the defendant, Luetgert, the plaintiff rendered to the defendant a bill of the sausages so sold and delivered, and afterward the defendant admitted to the plaintiff that the goods were all right and the bill correct, and that the defendant promised to pay the plaintiff the same twenty days after the delivery of said goods, then these facts, if you believe them to have been proven by the evidence, rendered the account liquidated, and under the law it would draw interest at the rate of five per cent per annum from the expiration of twenty days after the delivery of the goods."

There was ample evidence introduced on the trial upon which the instruction could be predicated, and the law announced is fully sustained by *Haight* v. *McVeagh*, 69 Ill. 624. The statute provides for interest in the settlement of accounts from the time of liquidating accounts, and if the evidence established that the account was liquidated, and that matter was fairly submitted to the jury, then the allowance of interest was correct.

Some other questions have been raised in regard to the instructions, but they are not of sufficient merit to call for a discussion.

So far as appears from the record the case was fairly tried in the circuit court. The question before the court and jury was one of fact, and we perceive no ground for reversing the judgment of the Appellate Court. It will be affirmed.

　　　　　　　　　　　　　　　　　*Judgment affirmed.*