## John M. Bredt v. Simpson, Hall, Miller & Co.

1. Evidence—*Testimony of a Deceased Witness Competent.*—Upon proof that a deceased witness testified at a former trial and that the transcript produced was a correct copy of the shorthand notes taken at the trial, such transcript is competent evidence.

2. Same—*Refreshing Witness' Memory.*—The copy of a writing or an invoice may be referred to by a witness if his memory, refreshed thereby, enables him to testify from his own recollection of the original facts independently of his confidence in the accuracy of the copy.

Assumpsit.—Common counts. Appeal from the Circuit Court of Cook County; the Hon. Charles A. Bishop, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed June 4, 1901.

S. C. Irving, attorney for appellant.

Jackson, Busby & Lyman, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

This is an action on the common counts to recover for merchandise sold and delivered. Appellee, a corporation, was a wholesale dealer in silverware. Appellant is sued as

surviving partner of one Charles Kuehne, deceased, the two constituting a firm doing business as Kuehne & Co. There is evidence tending to show that said firm obtained from appellee a line of credit not to exceed $500, which arrangement continued until the dissolution of the partnership. At that time there was due appellee, as it is claimed, a balance of $500, to recover which this suit was brought. The jury returned a verdict, and judgment was rendered for the full amount, from which judgment this appeal is taken.

It is urged first, that the trial court erred in the admission of a transcript of the testimony of one Thatcher, now deceased, who testified for appellee at a former trial of the same issue, which trial resulted in a non-suit. We find no error in the admission of this evidence. The stenographer who prepared the transcript testified that he took down the testimony of Thatcher at a former trial, in shorthand, as given at that trial by the witness now deceased, and that his notes and the transcript thereof read in evidence, correctly reproduce such testimony. The ruling was correct. Luetgert v. Volker, 153 Ill. 385 (388); Hutchings v. Corgan, 59 Ill. 70 (71); Loughry v. Mail, 34 Ill. App. 523 (525).

It is urged that the verdict was against the weight of the evidence. There was direct conflict in the testimony, the issue being whether the goods in controversy were sold to appellant's firm or merely consigned. Appellant's claim is that they were held on consignment to be paid for if sold, otherwise to be returned to appellee, and that when appellant retired from the firm, the goods unsold were left with his former partner, now deceased; that he so notified appellee and that the latter relieved him from responsibility therefor. This controversy of fact was submitted to the jury, and we find no reason to interfere with the finding. There is ample evidence to sustain the verdict.

It is objected that the trial court improperly allowed two witnesses for appellee to refresh their recollections from a writing not made by either of them. The writing in question was a copy of an invoice, the original of which had

been delivered to appellant's said firm, Kuehne & Co., and has since been lost or destroyed. The copy was identified by appellee's cashier, who made it out from the sales book. It was referred to by the said witnesses, who testified from independent recollection of the main facts, and was used merely to refresh their recollections as to details. There was no error in this. See Bonnet v. Gladfelt, 120 Ill. 173, and Chicago & Alton v. Adler, 56 Ill. 348, cited by appellant's attorneys.

The judgment of the Circuit Court must be affirmed.