(No. 15337.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROLLIE BERRY, Plaintiff in Error.

*Opinion filed October 20, 1923.*

1. CRIMINAL LAW—*how indictment for perjury may show materiality of the false testimony.* An indictment for perjury may show the materiality of the testimony on which the perjury is assigned, either by setting forth the issue and the sworn statement, so that the court can see the testimony was material, or by setting up the particular testimony charged to be false, together with an allegation that it was material.

2. SAME—*indictment need not set out exact words of alleged perjured testimony.* An indictment for perjury need not set out the exact words of the false testimony but only the substance thereof, and the indictment is not rendered insufficient because it uses the words "in substance and to the effect," in averring what the false testimony was.

3. SAME—*when it is not error to permit State's attorney to read transcript of reporter's notes.* In a perjury case, where the court reporter is called as a witness, identifies the transcript of his notes

taken in the case where the alleged false testimony was given, testifies to their correctness and is cross-examined, it is not error to permit the State's attorney to read such transcript to the jury instead of having it read by the court reporter.

4. SAME—*materiality of alleged false testimony is a question of law.* The question whether the false testimony was material to the issues in the case in which it was given is a question of law for the court and not one of fact for the jury.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. F. R. DOVE, Judge, presiding.

JAMES H. SMITH, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, CHARLES F. DEW, State's Attorney, and FLOYD E. BRITTON, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the circuit court of Marion county of the crime of perjury. He brings the cause here for review and urges three points: (1) The insufficiency of the indictment; (2) the erroneous rulings of the court on the admissibility of evidence; and (3) error of the court in refusing his fifteenth instruction.

It is not contended that the evidence does not justify the verdict of the jury. The indictment consists of three counts. The first count charges that at a trial between the People and Ed Hall and Lex Hall upon an indictment charging robbery of a bank at Iuka, Illinois, it became and was a material issue whether Ed Hall was, in fact, in the village of Iuka and committed the robbery complained of in the indictment; that the plaintiff in error was a witness for Ed Hall, and testified, "among other things, in substance and effect, the following, that is to say: that said Ed Hall on the night of said day, at 11:17, was a passenger upon the train at Iola, Illinois, bound for Flora, Illinois, and that the witness saw him on said train at said time." The

count charges that this testimony was false. The second count is in substance the same as the first, and charges, in addition, that in the trial of the case of People *vs.* Hall one of the defenses relied upon by Hall was an alibi,—*i. e.,* that he was not in Iuka on the day of the robbery but was in the vicinity of Taylorville, Illinois, 100 miles away, and that on the night of the day of the robbery he became a passenger on a train of the Baltimore and Ohio Railroad Company at Taylorville; that to sustain the alibi of Hall, said Berry, on the trial of the issue as to the alibi, willfully, falsely and corruptly did swear and testify that he was a passenger on said train on the evening of the day of the robbery and saw Hall on the train. The third count alleges that in the trial of Hall it became and was an issue whether Hall was one of the parties who committed the robbery in Iuka at the hour of 3:45 in the afternoon of the 20th day of December, 1921, and that the plaintiff in error on the trial of said issue "did feloniously, willfully and corruptly swear and testify, among other things, in substance and to the effect as follows, that is to say," etc. Thereupon follows the charge that plaintiff in error did swear that he saw Hall on the train on the evening of the 20th of December, 1921, and that such testimony was false.

Plaintiff in error contends that the indictment does not sufficiently set out the crime charged or show that the issue concerning which plaintiff in error testified was a material issue. The indictment charges the testimony to be false and that it was material to the issue on the trial. Under section 227 of the Criminal Code an indictment for perjury or subornation of perjury is sufficient if it sets forth the substance of the offense charged, stating the court or officer before which or whom the oath or affirmation was taken, that such court or officer had authority to administer oaths, and that the testimony charged to have been given was false. (*People* v. *Miller,* 264 Ill. 148; *People* v. *Ashbrook,* 276 id. 382.) An indictment may show the materi-

309—33

ality of the testimony on which perjury is assigned, either by setting forth the issue and the sworn statement, so that the court can see whether the testimony was material, or by stating the particular testimony charged to be false, with allegation that such testimony was material. (*People* v. *Ashbrook, supra; People* v. *Gazelle,* 299 Ill. 58.) It is not required that the exact words of false testimony be set out, but it is sufficient if the indictment sets forth the substance thereof. (*People* v. *Niles,* 295 Ill. 525.) Counsel contends that by the use of the term and phrase, "in substance and to the effect," the part of the phrase "to the effect" renders the charge indefinite. This contention is without merit. "To the effect," as here used, is defined by lexicographers to mean purport, meaning or intent. A reading of the indictment shows that under the statute and the holdings of this court it is sufficient.

The next complaint is that the court erred in permitting the State's attorney to read the court reporter's notes of the testimony of plaintiff in error in the Hall case. The reporter was sworn as a witness, identified the transcript of his notes and testified that they were correct. The State's attorney then read them to the jury. It was held in *Hereford* v. *People,* 197 Ill. 222, that in a case of this character it is competent for the reporter to read a transcript of his notes of the testimony given on a former trial after having testified as to their correctness. We see no substantial departure from this rule in the fact that the State's attorney, rather than the reporter, read such transcript. The reporter was a witness. An opportunity was given to counsel for plaintiff in error to cross-examine him, as the record shows he did. Moreover, three other witnesses testified, in substance, to the testimony of plaintiff in error given on the Hall trial, charged in the indictment to have been false. No error was committed in receiving this evidence.

Counsel says that the transcript of this evidence was taken to the jury room. The record, however, does not

disclose that such was the case. If such was done, plaintiff in error should have preserved the matter in the record, as statements of counsel cannot be considered as a part of the record.

The fifteenth instruction offered by plaintiff in error told the jury that the test whether the testimony complained of was material to the issues of the trial in which it was charged to have been given was a question of fact for them to decide. This instruction did not present a correct proposition of law. The question whether the false testimony was material to the issues of the case in which it was given is a question of law for the court and not for the jury. *People* v. *Melnick,* 274 Ill. 616; *People* v. *Niles, supra.*

There is no reversible error in the record, and the judgment of the circuit court will be affirmed.

*Judgment affirmed.*