Hallie Cooper, Appellee, v. W. W. Shaffer, Appellant.

Opinion filed March 2, 1942.

CHARLES J. HUFFMAN, of Vienna, SMITH & McCOL-LUM, of Flora, and KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellant.

C. ROSS REYNOLDS, of Vienna, and ARTHUR F. MELVIN, of Marion, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment in the sum of $2,500, rendered in the circuit court of Johnson county, in favor of appellee, Hallie Cooper (hereinafter called plaintiff), and against the appellant, W. W. Shaffer (hereinafter called defendant).

The action in which the judgment was rendered was predicated upon injuries suffered by the plaintiff as the result of an accident which occurred on an unpaved road known as the "Old Marion and Vienna Road" on July 29, 1940, at about 5:00 o'clock p. m. The defendant was driving his automobile along such road, in a southerly direction, behind a gravel truck

going in the same direction. The evidence discloses that the defendant made attempts to pass this truck, but that the road was too narrow and that the driver of the truck refused to move over to permit the defendant to pass, so the defendant had dropped back to about 150 feet behind the truck in order to escape the heavier dust being thrown out by the truck.

Defendant's evidence indicated he was driving at a speed of about 20 miles per hour, although the plaintiff's evidence indicated that defendant's speed was much greater. It was undisputed that plaintiff's automobile was traveling at a speed of 15 or 20 miles per hour, and that plaintiff was driving in a direction opposite to that in which the defendant's car was being driven. Defendant testified that he did not see plaintiff's car until it loomed up suddenly 6 or 8 feet away, and that he was unable to avoid striking plaintiff's car. Plaintiff's witnesses testified to the effect that the road was about 22 feet wide, and that the center of the road was somewhat rough, but that there was a good traveled road on each side of the center and out onto the shoulder. Defendant's witnesses testified to the effect that the road was only about 12 feet wide, and that there was only one traveled lane. One witness testified on behalf of plaintiff, in rebuttal, over objection of defendant, as to the width of the road and the number of lanes of travel on the road on the day on which the accident occurred, although the witness did not testify as an occurrence witness.

It is undisputed, however, that defendant was traveling a short distance behind a gravel truck, in the dust cloud raised by the truck, and that immediately prior to the collision he was toward what would have been the left-hand side of the road had there been two lanes in such road. The plaintiff, who met the truck as he was proceeding in the opposite direction, while driving along at a low rate of speed, as hereinbefore stated, was unable to see defendant's car in the cloud

of dust, but kept to his right-hand side of the road in passing the truck, going in the opposite direction. The collision between the automobiles of plaintiff and defendant occurred on the portion of the road which would have been the right-hand side of the road for the plaintiff.

The cause was tried before a jury, which returned a verdict for plaintiff in the sum of $2,500, and judgment was entered upon such verdict. Defendant on appeal to this court, assigns a number of errors including the contention that the verdict of the jury was excessive. No argument is presented on such point, and we, accordingly, will give no further consideration to such contention.

The only points which are raised and argued by defendant on this appeal arise from defendant's contention that the court below erred in giving certain instructions on behalf of plaintiff, in refusing certain instructions on behalf of defendant, and in admitting the testimony of a witness for plaintiff in rebuttal, as set forth in the statement of facts herein.

Plaintiff's instructions, numbers 1 and 6, are objected to on the ground that they fail to specify that the negligence of the defendant must be shown to be the proximate cause of the injury before plaintiff would be entitled to recover, and also, that the plaintiff must be shown to have been in the exercise of due care and caution at the time of the collision. Other instructions given on behalf of the defendant adequately covered such point.

As was stated in the case of *McClure v. Hoopeston Gas & Electric Co.*, 303 Ill. 89, at page 106, "other instructions given to the jury state positively there could be no recovery if defendant in error were guilty of negligence, and it is elementary that instructions should be considered as a series." Considering the instructions in the instant case in a series, the deficien-

cies in one may be supplied by the contents of another. It is, therefore, obvious that the defendant's given instruction, number 6, adequately covered the points raised by the defendant in his objections to plaintiff's given instructions, numbers 1 and 6.

Defendant, likewise, contends that the trial court erred in refusing to give defendant's offered instructions, numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11. We do not believe that any useful purpose would be served by detailing the nature of objections made to the refusal of each of such instructions, but believe it will suffice for all purposes here to state that all of the matters objected to in such instructions, where such matters were proper under the facts and the law, and where the circumstances required the giving of such instruction, were adequately covered by other instructions which were actually given and the giving of such refused instructions would have been simply repetitious. The courts of this State have many times determined that repetition in instructions is neither necessary nor desirable.

It should suffice for the purposes of this case to state that the jury was fairly instructed on the issues before it, and any refused instructions, so far as they presented correct propositions of law, were substantially covered by given instructions (*Shelby Loan & Trust Co. v. Milligan,* 372 Ill. 397).

As to the last point made by defendant that there was error in permitting plaintiff's witness to testify in rebuttal as to whether or not the road was a one-lane or a two-lane road, the allowance of such evidence in rebuttal cannot, under the circumstances, be deemed to be erroneous, and certainly, not reversible error. Testimony which might properly have been introduced in chief may be offered in rebuttal, and it is entirely discretionary with the trial court whether such testimony be admitted, or not. That discretion, so exer-

cised, will not be the basis for a reversal, unless it has been abused (*Corlett v. Illinois Cent. R. Co.*, 241 Ill. App. 124, 130).

Since we find no reversible error in the record, the judgment of the circuit court of Johnson county is, accordingly affirmed.

*Judgment affirmed.*