George Vander Veen and Patrick Fleming, Plaintiffs-Appellees, v. Yellow Cab Company, a Corporation, Defendant-Appellant.

Gen. No. 51,471.

First District, Second Division.

November 17, 1967.

Rehearing denied January 3, 1968.

Peter Fitzpatrick, of Chicago (Fitzpatrick, Postilion, Zegiel & Heinemann, of counsel), for appellant.

Thomas J. Joyce, of Chicago (Coghlan, Coghlan and Joyce, of counsel), for appellees.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from judgments entered upon jury verdicts for plaintiffs in the Circuit Court of Cook County.

George Vander Veen and Patrick Fleming ("plaintiffs" herein) are officers of the Chicago Police Department. They brought this action to recover for injuries suffered when the motorcycles they were riding collided with a taxicab owned by the Yellow Cab Company ("defendant" herein).

The accident out of which this suit arose occurred on West Madison Street near the Kennedy Expressway in Chicago. The time was approximately 6:45 p. m. on April 17, 1959. Madison Street is an east and west thoroughfare about 50 feet wide, which passes over the expressway at a point between two north and south streets, Halsted Street to the west and DesPlaines Street to the east. As Madison Street crosses the expressway, there is a gradual rise from both directions. At the top of the rise, on the south side of Madison Street, there is a ramp descending to the south to permit vehicles to enter the expressway,

which would require the westbound traffic to make a turn to the left across the traffic on Madison Street. A similar ramp descends to the north, enabling westbound traffic to turn to the right.

On the evening in question, the plaintiffs were riding 3-wheel motorcycles eastbound on Madison Street. They stopped for a traffic light at Halsted, the intersection west of the scene of the occurrence. When the traffic light changed in their favor they proceeded eastbound. Plaintiff, Vander Veen, was riding in an easterly direction with the left rear wheel of his motorcycle approximately two feet south of the center line of Madison Street traveling approximately twenty miles an hour. Plaintiff Fleming was driving another 3-wheel motorcycle with its left rear wheel approximately three feet farther south than the right rear wheel of the Vander Veen motorcycle, and the front wheel of the Fleming motorcycle about three or four feet to the rear, or west, of the Vander Veen motorcycle. At the same time a Yellow Cab was proceeding westward in the center lane near the center line. Granderson, the cab driver, intending to proceed down the ramp to the south side of Madison Street into the expressway, turned left, or south, into the oncoming lane. Vander Veen's motorcycle collided with the left front of the cab which was approximately two feet left of the street's center line. Vander Veen was thrown forward over his motorcycle and landed on his head on the pavement. Officer Fleming's motorcycle then struck the rear of Vander Veen's machine, spun it about, and passed on between it and the curb. As he attempted to bring his careening motorcycle to a stop Fleming was thrown against the south curb of Madison.

Certain facts are in dispute. Plaintiffs testified that the taxicab was in motion at the time of the collision and that it turned without slackening speed. Vander Veen testified that the speed of the cab was 25 miles per hour.

94

Officer Fleming estimated the speed at the instant of impact to have been about 18 to 20 miles per hour. Defendant's witness, Granderson, testified that his cab was stopped at the moment of impact.

Defendant's defense was founded on its theory that the plaintiffs were contributorily negligent. Defendant undertook to establish this through the introduction of proof of testimony of the plaintiffs concerning the accident in question in traffic court proceedings against Granderson, defendant's driver. Defendant argues that testimony given by plaintiffs in that proceeding indicated that the cab may have been stopped at the moment of impact and that plaintiff Vander Veen did not see the cab before the collision. Such evidence would have supported Granderson's testimony and would have differed from that of plaintiffs in the instant case.

 Defendant's Exhibit Number One was claimed to be a typewritten transcript of the traffic court hearing. Plaintiffs' objections to the defendant's attempt to lay foundation for admission of the document through examination of the traffic court reporter, Gillis, were sustained. The court refused admission of the document and also refused defendant's offer of proof. Statements of the court indicating that defendant should have notified plaintiffs of its intention to introduce the transcript suggest that the refusals were premised upon the Best Evidence Rule. This was erroneous. The Best Evidence Rule is not a bar to the admission of a court reporter's transcript based upon original shorthand notes recording testimony given on another occasion. The People v. Berry, 309 Ill 511, 514, 141 NE 132, (1923); Hereford v. The People, 197 Ill 222, 238, 64 NE 310, (1902); Cleary, Handbook of Illinois Evidence, 2nd Ed, § 15.4, p 247, and cases cited therein. On appeal the plaintiffs contend that the trial court's rejection of the transcript was primarily based upon the inadequacy of the foundation laid by

defendant for admission of the document. Plaintiffs' counsel maintains that the plaintiffs denied in the instant case having testified in the traffic court, though it was admitted that they were present and apparently made some statements in the traffic court hearing. Plaintiff cites no authority to the effect that a former witness must admit to having testified on the former occasion in order for that testimony to be introduced in another cause. There is, of course, no such requirement.

■■ Plaintiffs rely upon The People v. Berry, supra, and Luetgert v. Volker, 153 Ill 385, 39 NE 113, in arguing that proper foundation for admission of the transcript required court reporter, Gillis, to testify that plaintiffs had been sworn and had testified on the former occasion, that he had taken down their testimony in shorthand notes and that the transcript in question was a correct and accurate reproduction of his notes. Plaintiffs are correct in their assertion that such qualification of the transcript for admission into evidence was required. Examination of the record, however, reveals that the defendant did attempt to examine Gillis on these matters but was prevented from doing so by plaintiffs' objections. Defendant should have been given the opportunity to establish the foundation for its evidence. It was not essential that defendant make detailed formal offers of proof when the attitude of the court had become apparent. Chicago & Alton R. R. v. Shenk, 131 Ill 283, 287, 23 NE 436, (1890); Giddings v. Williams, 336 Ill 482, 489, 168 NE 514, (1929). Upon a successful laying of foundation defendant should have been allowed to introduce into evidence the transcript report of plaintiffs' testimony in the traffic court hearing. The People v. Berry, supra; Hereford v. The People, supra; Luetgert v. Volker, supra; Hanck v. Ruan Transport Corp., 3 Ill App2d 372, 122 NE2d 445, (1954).

■■ Defendant also attempted to introduce the former testimony of plaintiffs through testimony of

Robert Jesmer, attorney for Granderson in the traffic court hearing. Plaintiffs contend that since they denied testifying at the traffic court hearing, it was required that Jesmer not only be able to testify that both officers had testified, as he did, but also that he be able to identify both individuals. This is not the law. The rule is that identity of name raises a presumption of identity of person. Gillis testified that he remembered that Vander Veen testified in the traffic court. The legal presumption makes this testimony prima facie admissible. It is not required that the witness be able to identify the person. Sharp v. Sharp, 333 Ill 267, 272, 164 NE 685 (1928). In the absence of evidence to the contrary, evidence of name raises presumption of identity of person. Bell v. Bankers Life and Casualty Co., 327 Ill App 321, 329, 64 NE2d 204 (1945).

■ Plaintiff also objected to Jesmer's testimony for the reason that Jesmer admitted he could not recall the precise questions and answers given at the traffic court hearing. This, too, was not a valid basis of objection to Jesmer's testimony. It is explained in Iglehart v. Jernegan, 16 Ill 513, (1855), that the substance of what a witness said on a former occasion is all that is required. It is stated in Barnett v. People, 54 Ill 325, 330, (1870), that this rule has been consistently followed both in criminal and civil cases. Examinations of Jesmer as to the substance of plaintiff Vander Veen's testimony in the traffic court hearing, despite his inability to specifically identify Vander Veen and Fleming and his failure to recall precisely the exact questions and answers given, was proper and should have been allowed.

■ Error is alleged in certain remarks of the trial judge which, it is contended, were prejudicial comment upon defendant's witnesses and evidence. In particular, defendant calls our attention to statements by the court during the testimony of Granderson. Defendant was undertaking to establish that plaintiffs had testified in

the traffic court proceeding against Granderson. Defense counsel's attempt to examine Granderson on this subject resulted in the following exchange:

"Q. At that time, sir, did the officers testify?

"A. Yes.

"Mr. Joyce: Objection if the Court please.

"The Court: The objection is sustained.

"Mr. Stanton: May I ask the basis, your Honor, of sustaining—

"The Court: That man doesn't know what testifying means. He couldn't identify either one of the officers, here in Court today. So how can he tell us—

"Mr. Stanton: Do you know what it means to testify?

"The Witness: A. Yes.

"Q. What does it mean when you testify?

"A. When you testify, you give your version of your opinion of what happened.

"Q. And how do you do this, sir?

"A. By telling someone what happened.

"Q. As you are doing now?

"A. Right."

Defendant contends that the Court's remarks amounted to a degradation of the witness in the eyes of the jury. We do not understand the language of the court to express an opinion upon the integrity or intelligence of the defendant's witness. Rather, it appears that the court merely wished to call counsel's attention to the distinction between "testifying" and simply speaking in a courtroom. We cannot assume that the jury understood the court's meaning to be otherwise. The court's statement was not a prejudicial comment constituting error.

 Defendant alleges error in the court's having permitted plaintiff Vander Veen to exhibit his feet to the jury. Defendant maintains that this exhibition was

for the purpose of demonstrating loss of motion in the toes. Plaintiff's medical witness did not relate disability in the toes to the accident in question. Defendant cites authorities for the proposition that plaintiff is required to connect up the injury with the accident by medical testimony in order to be allowed to exhibit the injured limb. The defect in defendant's contention is that examination of the record indicates that the feet were exhibited not to show disability in the toes but rather to demonstrate inflexibility in Vander Veen's left ankle. Injury to the plaintiff's ankle was connected with the accident and the trial court did not commit error in allowing the exhibition for the purpose of showing inflexibility of the ankle.

Finally, defendant cites as error plaintiffs' introduction, in rebuttal, of evidence of a military service injury to plaintiff Vander Veen. We agree that the introduction of this testimony was error. Plaintiff was attempting to dispel any impression that plaintiff Vander Veen's toe had been injured in a swimming accident. Over defendant's objection, plaintiff testified in substance that in 1944 during a naval drill he had suffered the loss of seven teeth. Plaintiff admits that this was irrelevant to the accident in issue but contends that it was proper rebuttal because defendant had implanted the suggestion that Vander Veen's toe injury was connected with a swimming accident. The answer to this argument is that proper and effective rebuttal did not require exposure to the jury of this irrelevant and sympathy-provoking information. In support of their contentions plaintiffs cite Gifford-Wood Company v. Western Fuel Co., 209 Ill App 357, 361, (1918); People v. Bell, 328 Ill 446, 451, 159 NE 807, (1928); City of Sandwich v. Dolan, 141 Ill 430, 31 NE 416, (1892); and Cooper v. Shaffer, 313 Ill App 392, 395, 396, 40 NE2d 622 (1942). These cases are inapposite. They are concerned with principles of law concerning rebuttal evidence generally and with the discretion of the

court to receive in rebuttal evidence which more properly should have been offered in the case in chief. There is nothing in the cases cited by plaintiffs which would permit the introduction of irrelevant testimony. This testimony was irrelevant and its admission was error. Vujovich v. Chicago Transit Authority, 6 Ill App2d 115, 118, 119, 126 NE2d 731 (1955).

For the reasons stated the judgment of the Circuit Court of Cook County is reversed and the cause remanded with directions to proceed in a manner not inconsistent with this opinion.

Reversed and remanded for new trial.

LYONS, P. J. and BURKE, J., concur.